IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 4:08CR3081 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **BRIEF IN SUPPORT OF** |
| v. | ) | **MOTION TO SUPPRESS** |
| | ) | **STATEMENTS** |
| JESUS ALVAREZ, | ) | |
| | ) | |
| Defendant. | ) | |

## FACTS

Rule 16 discovery materials indicate that defendant was interviewed on March 7, 2008, by Nebraska State Patrol (NSP) Investigator Brian Eads and FBI Special Agent Gregg O'Brien at the Cheyenne County Sheriff's Office in Sidney, NE. The video of said interview shows Alvarez to be dressed in orange jail clothing and to be seated in what appears to be an office at the Sheriff's office. Clearly, Alvarez was in custody during said interrogation.

Discovery materials also indicate that Investigator Eads "...advised [Alvarez] of rights and had him sign an advice of rights form (NSP 708)." No advice of rights has been included in the discovery materials.

The video of the interview also does not contain any rights advisement given to Alvarez. Comparing the video to SA O'Brien's report seems to indicate that the video starts somewhere about halfway through the interview. No explanation has been given as to why the video does not capture the entire interview or why no advice of rights form has been given in discovery materials.

The above stated interrogation of Alvarez clearly shows that his questioning was solely related to issues surrounding the present federal charges lodged against him.

1

Alvarez intends to the hold the government to its burden of proving that a valid advice of rights was given and that there was a proper waiver of such rights.

**ARGUMENT**

Custodial interrogation is "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." Miranda v. Arizona, 384 U.S. 436, 444-45 (1966). See also, Illinois v. Perkins, 496 U.S. 292, 296 (1990); United States v. McKinney, 88 F.3d 551, 554 (8th Cir. 1996). "*Miranda* accordingly requires that a warning as to the availability of the privilege against self-incrimination and to the assistance of counsel be issued prior to questioning whenever a suspect is (1) interrogated and (2) while in custody." United States v. Griffin, 922 F.3d 1343 (8th Cir. 1990). Interrogation, for purposes of Miranda, is defined as any activity by law enforcement officers "reasonably likely to illicit an incriminating response." Id. See also, Rhode Island v. Innis, 446 U.S. 291 (1980).

The video shows Alvarez dressed in orange jail clothes. The interview was conducted by law enforcement and took place at the Cheyenne County Sheriff's office. Alvarez was clearly in custody and was being subjected to interrogation "reasonably likely to illicit an incriminating response." As such, Inv. Eads and SA O'Brien were required to give Alvarez Miranda warnings.

It is unclear from the discovery provided, other than O'Brien's claim that he did so, that Miranda warnings were given and that Alvarez did in fact waive his rights. Somewhat disturbing is that the video provided to counsel appears to start at some point after any such rights were given. Further, while a claim that Alvarez was read an advisement of rights form and that he signed a waiver, no such written form has been provided to counsel through

2

discovery materials. Under these circumstances, unless the government proves that a Miranda advisement was given and that a voluntary waiver was obtained, any statements made during the March 7, 2008, interview of Alvarez must be suppressed.

## CONCLUSION

Based upon the foregoing argument, Alvarez respectfully requests an Order suppressing all statements obtained as a result of the constitutionally invalid interrogation of him on March 7, 2008.

DATED this 4th day of March, 2009.

JESUS ALVAREZ, Defendant,


By: /s/ *John C. Vanderslice*
    **JOHN C. VANDERSLICE**
    **Assistant Federal Public Defender**
    112 Federal Building
    100 Centennial Mall North
    Lincoln, NE 68508
    (402) 437-5871
    Attorney for Defendant

## CERTIFICATE OF SERVICE

Assistant Federal Public Defender John C. Vanderslice hereby certifies that on March 4, 2009, the foregoing document was filed with the Clerk of Court, using the ECM/ECF system, which sent notification of such filing to AUSA Steve Russell.

/s/ *John C. Vanderslice*
John C. Vanderslice